United States District Court
Southern District of Texas
FILED

AUG 1 1 2003

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

DANIEL CARRIZALOS-PEREZ, )
)
Petitioner )
)
v. ) CIVIL ACTION NO. B-02-136
)
AARON CABRERA, ACTING INS DISTRICT )
DIRECTOR, ET AL., )
)
Respondents. )
)
_____)

**RESPONDENTS' NOTICE OF SUPPLEMENTAL CITATION**

COME NOW Respondents in the above-captioned case, by and through Michael T. Shelby, United States Attorney for the Southern District of Texas, and hereby inform the Court of the following recent, supplemental citation in support of Respondents' position regarding Petitioner's claim that there should be a "first offender" exception to the definition of "conviction". Gill v. Ashcroft, 2003 WL 21525603, p.4 (7th Cir. July 8, 2003) (finding that the Ninth Circuit Court of Appeals' holding in Lujan-Armendariz v. INS, 222 F.3d 728 (9th Cir. 2000) "which elevates an abandoned administrative practice over a statutory text, is untenable" and declined to follow it.)

Petitioner claims that as a matter of statutory construction, equal protection, or uniform application of the law, the Board of Immigration Appeals ("Board") must read an unstated "first offender" exception into the definition of "conviction" so that an alien's first time state offense of drug possession is not construed to be a conviction for immigration purposes. These are statutory-

1

construction and constitutional questions of first impression in the Fifth Circuit. The Ninth Circuit has read this type of "first offender" exception into the statute. <u>Lujan-Armendariz</u>.

The Board has rejected this reading and does not apply <u>Lujan-Armendariz</u> outside the Ninth Circuit. <u>Matter of Salazar-Regino</u>, 23 I & N Dec. 223, 2002 WL 339535 (BIA 2000). The Eighth and Eleventh Circuits also have rejected the Ninth Circuit's <u>Lujan-Armendariz</u> construction in any case where an alien has been placed on probation for more than a year for a first-time state drug offense. <u>Vasquez-Velezmoro v. U.S.I.N.S.</u>, 281 F.3d 693, 698 (8th Cir. 2001); <u>Fernandez-Bernal v. Attorney General</u>, 257 F.3d 1304, 1307 n. 4 (11th Cir. 2001).

                                                      Respectfully submitted,

                                                      MICHAEL T. SHELBY
                                                      United States Attorney
                                                      Southern District of Texas

                                                      LISA M. PUTNAM
                                                      Special Assistant U.S. Attorney
                                                      P.O. Box 1711
                                                      Harlingen, Texas 78551
                                                      Tel: (956) 389-7051
                                                      Georgia Bar No. 590315
August 7, 2003                              Federal Bar No. 23937

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Respondents' Notice of Supplemental Citation was mailed via first class mail, postage prepaid to:

>Lisa Brodyaga, Esquire
>Refugio Del Rio Grande
>17891 Landrum Park Rd.
>San Benito, TX 78586

on this 7th day of August, 2003.

_____
LISA M. PUTNAM
Special Assistant United States Attorney

2003 WL 21525603
--- F.3d ---
(Cite as: 2003 WL 21525603 (7th Cir.))

Page 1

Only the Westlaw citation is currently available.

United States Court of Appeals,
Seventh Circuit.

Rayford GILL, Petitioner,
v.
John ASHCROFT, Attorney General of the United
States, Respondent.

No. 02-2994.

Argued May 23, 2003.
Decided July 8, 2003.

Alien petitioned for judicial review of decision of the Board of Immigration Appeals ordering his removal based on his guilty plea in Illinois state court to charge of cocaine possession. The Court of Appeals, Easterbrook, Circuit Judge, held that alien was "convicted" of possession of cocaine, such that Court of Appeals was without jurisdiction to review removal order predicated upon that conviction, notwithstanding that state court in which he entered his guilty plea, in recognition of his status as first-time offender, withheld adjudication of guilt and provided for dismissal of criminal proceeding against him if he successfully completed probationary term.

Petition dismissed.

West Headnotes

[1] Aliens 53.2(3)
24k53.2(3) Most Cited Cases

[1] Aliens 53.10(1)
24k53.10(1) Most Cited Cases

[1] Aliens 54.3(1)
24k54.3(1) Most Cited Cases

Aliens convicted of any drug offense other than possessing less than 30 grams of marijuana lose their right to remain in the United States, as well as opportunity to apply for discretionary relief, such as cancellation of removal, or to obtain judicial review of administrative decisions about those discretionary avenues. 8 U.S.C.A. §§ 1227(a)(2)(B)(i), 1252(a)(2)(C).

[2] Aliens 54.3(1)
24k54.3(1) Most Cited Cases

All persons ordered removed from the United States based on their alleged criminal misconduct retain right to judicial review of the antecedent, non-discretionary questions, such as whether they are aliens and whether they have in fact committed disqualifying crimes. 8 U.S.C.A. § 1252(a)(2)(C).

[3] Aliens 53.2(1)
24k53.2(1) Most Cited Cases

[3] Aliens 54.3(1)
24k54.3(1) Most Cited Cases

Alien was "convicted" of possession of cocaine, such that Court of Appeals was without jurisdiction to review removal order predicated upon that conviction, notwithstanding that state court in which he entered his guilty plea, in recognition of his status as first-time offender, withheld adjudication of guilt and provided for dismissal of criminal proceeding against him if he successfully completed probationary term. 8 U.S.C.A. § 1101(a)(48)(A); S.H.A. 720 ILCS 570/410(g).

[4] Aliens 53.2(1)
24k53.2(1) Most Cited Cases

Federal statutory definition of when a particular disposition of criminal charges against alien is to be regarded as "conviction," for removal purposes, applies to all aliens charged with criminal misconduct in state court, whether as first-time or repeat offenders, and no matter how aliens would have been treated if they had been charged in federal court. 8 U.S.C.A. § 1101(a)(48)(A); 18 U.S.C.A. § 3607(a).

Lisa J. Palumbo, Legal Assistance Foundation of Metropolitan Chicago, Susan Compernolle (argued), Rubman & Compernolle, Chicago, IL, for petitioner.

George P. Katsivalis, Department of Homeland Security, Office of the District Counsel, Chicago, IL, Anh-Thu P. Mai (argued), Mary J. Candaux, Department of Justice, Civil Division, Immigration Litigation, Washington, DC, for respondent.

Before EASTERBROOK, RIPPLE, and WILLIAMS, Circuit Judges.

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

2003 WL 21525603
--- F.3d ---
(Cite as: 2003 WL 21525603 (7th Cir.))

Page 2

EASTERBROOK, Circuit Judge.

*1 [1][2] Aliens convicted of any drug offense other than possessing less than 30 grams of marijuana lose their right to remain in the United States. 8 U.S.C. § 1227(a)(2)(B)(i). They also lose any opportunity to apply for discretionary relief, such as cancellation of removal, and to obtain judicial review of the administrative decisions about those discretionary avenues. 8 U.S.C. § 1252(a)(2)(C). But all persons ordered removed retain the right to judicial review of the antecedent, non-discretionary questions, such as whether they are aliens and whether they have committed disqualifying crimes. See *Yang v. INS*, 109 F.3d 1185 (7th Cir.1997). Rayford Gill, a citizen of Belize admitted in 1994 as a permanent resident, presents such an antecedent question. Although administrative officials concluded that he had been convicted of possessing cocaine, Gill denies that the state proceedings ended in a "conviction." If the agency is right, then we lack jurisdiction of Gill's petition for review; if Gill is right, then we have jurisdiction and the order of removal must be set aside.

[3] Gill pleaded guilty in an Illinois court to possession of cocaine. He was sentenced to "410 probation," a disposition that takes its name from 720 ILCS 570/410. Section 410(f) provides that, if a first offender completes this probation without incident, "the court shall discharge the person and dismiss the proceedings against him." The statute continues:

> A disposition of probation is considered to be a conviction for the purposes of imposing the conditions of probation and for appeal, however, discharge and dismissal under this Section is not a conviction for purposes of this Act or for purposes of disqualifications or disabilities imposed by law upon conviction of a crime.

720 ILCS 570/410(g). If Illinois law were dispositive, then, Gill would not have on his record a "conviction" for possessing cocaine. But federal immigration law has its own definition of that word. A provision added by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Division C of Pub. L. 104-208, 110 Stat. 3009 (Sept. 30, 1996), reads as follows:

> The term "conviction" means, with respect to an alien, a formal judgment of guilt of the alien entered by a court or, if adjudication of guilt has been withheld, where (i) a judge or jury has found the alien guilty or the alien has entered a plea of guilty or nolo contendere or has admitted sufficient facts to warrant a finding of guilt, and (ii) the judge has ordered some form of punishment, penalty, or restraint on the alien's liberty to be imposed.

8 U.S.C. § 1101(a)(48)(A). Gill's plea of guilty satisfies part (i) of this definition, and the term of probation satisfies part (ii), so he has been "convicted" even though "adjudication of guilt has been withheld".

Gill asks us to look past the text of § 1101(a)(48)(A) to the history of this issue. Before 1996 the absence of a statutory definition required the agency to come up with its own. There were two possible approaches: either accept for federal purposes whatever characterization the states attached to their dispositions, or create a uniform rule of federal common law. Each of these approaches has been used for other purposes. For example, federal law imposes stiff penalties on those who possess firearms despite prior gun convictions. 18 U.S.C. §§ 922(g), 924(e). Under the felon-in-possession laws, as under the immigration laws, there have been two principal problems: first, how to classify diversionary dispositions such as "410 probation" that impose some restraint on liberty but withhold formal adjudication of guilt; second, how to classify convictions later expunged or covered by some other device for restoring the person's civil rights.

*2 Until 1986 both of these issues were handled for purposes of § 922(g) and § 924(e) under uniform federal law. See *Dickerson v. New Banner Institute, Inc.*, 460 U.S. 103, 103 S.Ct. 986, 74 L.Ed.2d 845 (1983). In 1986 Congress enacted 18 U.S.C. § 921(a)(20), which reads:

> What constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held. Any conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.

This resolves the first issue (diversionary and deferred dispositions) under state law, while the second (the effect of expungement) now depends on a mixture of state and federal law: state law controls, but only if it meets the federal standard of explicitness with respect to firearms disabilities. See *Caron v. United States*, 524 U.S. 308, 118 S.Ct. 2007, 141 L.Ed.2d 303 (1998).

Immigration law went at this differently. The Board of Immigration Appeals decided to craft a federal

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

common-law definition of "conviction" for state judgments, with one exception: first offenders charged with simple possession. With respect to these, the Board asked whether the state's disposition would have been a "conviction" if the prosecution had been in a federal court that elected to use 18 U.S.C. § 3607(a). This provides that, with the agreement of the accused, the federal judge may

> place him on probation for a term of not more than one year without entering a judgment of conviction. At any time before the expiration of the term of probation, if the person has not violated a condition of his probation, the court may, without entering a judgment of conviction, dismiss the proceedings against the person and discharge him from probation. At the expiration of the term of probation, if the person has not violated a condition of his probation, the court shall, without entering a judgment of conviction, dismiss the proceedings against the person and discharge him from probation.

A disposition under this provision "shall not be considered a conviction for the purpose of a disqualification or a disability imposed by law upon conviction of a crime, or for any other purpose." 18 U.S.C. § 3607(b). The Board thought that what was mete for persons accused in federal court should go for those accused in state court as well. See, e.g., *Matter of A-F-*, 8 I & N Dec. 429, 445-46, 1959 WL 11595 (BIA, AG, 1959); *Matter of Ozkok*, 19 I & N Dec. 546, 551-52 (BIA 1988); *Matter of Manrique*, 21 I & N Dec. 58, 64, 1995 WL 314732 (BIA 1995). The upshot was that all first offenders, state and federal, were analyzed under the approach of § 3607(a), while all repeat offenders were treated as "convicted" whether or not they entered a diversionary program, and whether or not their civil rights had been restored at the conclusion of their sentences.

*3 After the adoption of a federal definition in 1996, however, the Board of Immigration Appeals concluded that this new definition controls uniformly. In *Matter of Roldan*, 22 I & N Dec. 512, 1999 WL 126433 (BIA 1999), the Board held that the criteria of § 1101(a)(48)(A) apply to all offenders, no matter how they would have been treated if they had been charged in federal court and the judge had elected to resolve the prosecution under § 3607(a). The ninth circuit set aside the decision in *Roldan* and forbade the Board to alter its pre-1996 policy for first offenders. See *Lujan-Armendariz v. INS*, 222 F.3d 728 (9th Cir.2000). The Board has declined to acquiesce in *Lujan-Armendariz* and will not apply it outside the ninth circuit. See *Matter of Salazar-Regino*, 23 I & N Dec. 223, 23 I. & N. Dec. 223 (BIA 2002). Every court that has considered the subject believes that § 1101(a)(48)(A) governs the handling of repeat offenders and that expungements (or restorations of civil rights) under state law do not negate a "conviction" for purposes of immigration law. See *Herrera-Inirio v. INS*, 208 F.3d 299 (1st Cir.2000); *United States v. Campbell*, 167 F.3d 94 (2d Cir.1999); *Renteria-Gonzalez v. INS*, 322 F.3d 804, 812-14 (5th Cir.2002); *Murillo-Espinoza v. INS*, 261 F.3d 771 (9th Cir.2001). But *Lujan-Armendariz* holds that first offenders are entitled to the benefit of the pre-1996 policy despite the enactment of § 1101(a)(48)(A).

[4] If *Lujan-Armendariz* is right, then § 1101(a)(48)(A) is ineffectual--for it codifies the Board's pre-1996 policy with respect to other diversionary dispositions and expungements. Depriving a statute of any consequence is serious business, which *Lujan-Armendariz* did not adequately justify. Its theme, which Gill repeats, is that § 1101(a)(48)(A) does not in terms repeal § 3607, and, as repeals by implication require a square conflict, see *J.E.M. AG Supply, Inc. v. Pioneer Hi-Bred International, Inc.*, 534 U.S. 124, 141-44, 122 S.Ct. 593, 151 L.Ed.2d 508 (2001) (collecting authority), § 3607(b) remains in force. The agency complains that the ninth circuit has invaded its interpretive authority. It is unnecessary for us to determine how far *Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984), applies to the Board's adjudicatory (as opposed to rulemaking) decisions after *United States v. Mead Corp.*, 533 U.S. 218, 121 S.Ct. 2164, 150 L.Ed.2d 292 (2001); the agency is still entitled to a significant measure of discretion. See *INS v. Ventura*, 537 U.S. 12, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002); *INS v. Aguirre-Aguirre*, 526 U.S. 415, 119 S.Ct. 1439, 143 L.Ed.2d 590 (1999). Precisely how much interpretive leeway it possesses is irrelevant today, however; the Board's current approach is a straightforward application of § 1101(a)(48)(A), which abolishes, for purposes of immigration law, any distinction between the treatment of deferred dispositions in first and successive drug-possession offenses.

It makes no difference, for state offenders such as Gill, whether § 3607 has been repealed by implication, because that law applies only to persons prosecuted in federal courts. Until 1996 the Board adapted its approach to state-law deferred dispositions, not as a matter of statutory command, but as a matter of federal common law. It might have

2003 WL 21525603
--- F.3d ---
(Cite as: 2003 WL 21525603 (7th Cir.))

Page 4

changed that approach by the same means it had been adopted: administrative adjudication. Congress took the issue out of its hands in 1996. A statute such as § 1101(a)(48)(A) displaces common law. See *Bank of Nova Scotia v. United States*, 487 U.S. 250, 255, 108 S.Ct. 2369, 101 L.Ed.2d 228 (1988); *United States v. Payner*, 447 U.S. 727, 100 S.Ct. 2439, 65 L.Ed.2d 468 (1980). In the absence of legislation the agency had to find its own way; now the agency must take the statute's path. *Lujan-Armendariz* disregarded the distinction between persons charged in federal court, and thus covered by § 3607, and those charged in state court, and thus covered (until 1996) only by the Board's nonstatutory extension of its approach. After the enactment of § 1101(a)(48)(A), however, this difference may be dispositive.

*4 Whether § 3607 has been limited by implication matters only to a person sentenced *under* § 3607, which Gill was not. We say "limited" rather than "repealed" because § 1101(a)(48)(A) affects only immigration matters; even if a disposition under § 3607 counts as a conviction in immigration law, it would not be a conviction for other purposes, such as firearms disabilities. Thus § 1101(a)(48)(A) and § 3607(b) may coexist, though the former reduces the domain of the latter. Gill's situation does not occasion a definitive resolution of the relation between § 1101(a)(48)(A) and § 3607(b), however. It is enough to say that § 3607 has no residual effect on the appropriate characterization of state-law deferred dispositions. These are handled comprehensively, and exclusively, by § 1101(a)(48)(A).

Gill does not deny that "410 probation" is a "conviction" under the text of § 1101(a)(48)(A). The holding of *Lujan-Armendariz*, which elevates an abandoned administrative practice over a statutory text, is untenable, and we decline to follow it. Because this decision creates a conflict among the circuits, it was circulated before release to all active judges. See Circuit Rule 40(e). No judge favored a hearing en banc.

The petition for review is dismissed for want of jurisdiction.

2003 WL 21525603, 2003 WL 21525603 (7th Cir.)

END OF DOCUMENT

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works